357 So.2d 1368 (1978)
Leonce HERNANDEZ
v.
COMCO INSURANCE COMPANY.
No. 8960.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Rehearing Denied May 10, 1978.
Writ Refused June 30, 1978.
*1369 Law Offices of Sidney D. Torres, III, George N. Bischof, Jr., Chalmette, for plaintiff-appellee.
Porteous, Toledano, Hainkel & Johnson, E. Ross Buckley, Jr., New Orleans, for defendant-appellant.
Before REDMANN, GARSAUD and DeSONIER, JJ.
GARSAUD, Judge.
Defendant Comco Insurance Company appeals from a judgment of the trial court awarding to plaintiff, Leonce Hernandez, Sr., $25,000 in damages for burns sustained by him in a backyard accident resulting from an explosion of crawfish boiling equipment. The accident occurred at the home of Leonce (Lonnie) Hernandez, Jr., plaintiff's son, on premises owned by Alvin Pellegrini, Lonnie's father-in-law. There is no question that the sole cause of the accident was the alleged negligence of Lonnie Hernandez. Comco Insurance Company had issued to Alvin Pellegrini a homeowners policy providing coverage up to $25,000 for accidents of this type. The only issue presented in this case is whether the policy covered negligent acts of Alvin Pellegrini's son-in-law, Lonnie Hernandez.
This matter arose due to the special circumstances of geography and relationships of the parties. Mr. Pellegrini and his wife resided at 1210 Friscoville Avenue in Arabi, Louisiana, on a lot which they owned and on which was also located a second structure, designated as 1210½ Friscoville Avenue, in which the Pellegrinis' daughter Brenda lived with her husband Lonnie Hernandez and their young child. This building in which the young Hernandezes lived was an entirely separate structure from the Pellegrinis' home. It had been built many years before by the Pellegrinis to provide an inexpensive home for their children when they first married. This house had previously been used successively by two Pellegrini sons and their wives before Brenda and Lonnie Hernandez moved in. Lonnie, with the help of Mr. Pellegrini, constructed an additional bedroom so that the structure consisted of kitchen, living room, bathroom, and two bedrooms.
Lonnie and Brenda Hernandez were married in 1969 and lived in the house known as 1210½ Friscoville from then until some time after the accident in 1973. They *1370 paid their own utilities (electricity was on a separate meter from the Pellegrinis'), purchased their own groceries, cooked their own meals, and did their own laundry. In effect, they had a separate and distinct existence qua family from the Pellegrinis. Occasionally one of them would help out the Pellegrinis either in the house or in the yard, and Mrs. Pellegrini regularly kept their child during the day without compensation. The only rent paid by the young Hernandezes to the Pellegrinis was $50 a month, or almost enough to cover the monthly note payment of $52.41, which included insurance.
As the Pellegrinis were away from home at the time of the accident, and the accident was not due to any negligence on either of their parts, coverage under defendant Comco's homeowners policy issued to Alvin Pellegrini obtains only if Lonnie Hernandez is an insured under the terms of that policy.
The policy of insurance issued by defendant Comco to Alvin Pellegrini provides in Section II, Coverage E, as follows:
"This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury . . ."
Definitions applicable for this policy are found in paragraph 8 under General Conditions. "Insured" is there defined as,
"(1) the Named Insured stated in the Declarations of this policy;
(2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured;. . .."
Thus, in order to be an insured under this Policy, Lonnie Hernandez must be a "relative" of Mr. or Mrs. Pellegrini and a resident of their "household."
Concluding that Lonnie is a "relative" of the Pellegrinis is not difficult. Webster's Third New International Dictionary (1971) defines a relative as "a person connected with another by blood or affinity," and Black's Law Dictionary uses the same definition. This definition has been specifically adopted in Liprie v. Michigan Millers Mutual Insurance Company, 143 So.2d 597 (La. App. 3rd Cir. 1962), cert. denied October 5, 1962.
It further appears that as a general rule, when the word "relative" is used in insurance contracts it is intended to include persons related by marriage as well as by blood. 76 C.J.S. Relative pp. 623-625 (1952). As a relative, therefore, Lonnie Hernandez will be classified as an insured if he was also a resident of the Pellegrini household.
The problem of defining the word "household" has been faced by innumerable courts with no clear or easy resolution. See 19A Words and Phrases Household (West 1970). Ultimately, whether a person is a member of a given household is a question of fact, to be determined after consideration of all the circumstances.
Webster's Third New International Dictionary (1971) defines "household" as "those who dwell under the same roof and compose a family; a domestic establishment; specifically, a social unit comprised of those living together in the same dwelling place." Black's Law Dictionary (4th ed. 1957) defines it as "a family living together; those who dwell under the same roof and compose a family." However, living technically "under the same roof" has been found not to be essential. See Taylor v. State Farm Mutual Auto Ins. Co., 248 La. 246, 178 So.2d 238 (La.1965); Vinet v. Hano, 281 So.2d 183 (La.App. 4th Cir. 1973), writ refused October 12, 1973; Fidelity and Casualty Company of New York v. Jackson, 194 F.Supp. 431 (E.D.N.C.1961) and citations therein.
Perhaps the most appropriate definition of "household" was set forth by the court in Leteff v. Maryland Casualty Co., 91 So.2d 123 (La.App. 1st Cir. 1956):
"Whether the term `household' or `family' is used, the term embraces a collection of persons as a single group, with one head, living together, a unit of permanent and domestic character, under one roof; a `collective body of persons living together within one curtilage, subsisting in common and directing their attention to a *1371 common object, the promotion of their mutual interests and social happiness.'" 91 So.2d at 130.
The pattern which emerges from the myriad of decisions considering the term "household" seems to be an emphasis on dwelling as a family under one head. Here there existed two distinct families, dwelling apart. The testimony in the record discloses that all parties involved considered themselves as two independent family units. Clearly, Mr. Pellegrini was not the head of Lonnie Hernandez' household, nor were Lonnie Hernandez and his wife part of the Pellegrini household. This is the same conclusion reached by the trial court and we believe there is substantial evidence in the record to support his conclusion, which will not be upset. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
As Lonnie Hernandez is not a relative in the household of the insured (Alvin Pellegrini), he does not fall within the definition of "insured" for whose negligence the policy will pay for resulting damages for personal injuries. As the trial court nonetheless found coverage in spite of its finding that Lonnie Hernandez was not a member of the household, we must reverse and dismiss the claim of Mr. Leonce Hernandez, Sr.
REVERSED & DISMISSED.