451 So.2d 614 (1984)
Thomas T. MIGUEZ, Sr., Administrator of the Estate of His Minor Child, Dudley Miguez
v.
URBAN DEVELOPMENTS, INC., Sea & Sar's et al.
No. 83-CA-755.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
Writ Denied June 25, 1984.
*615 S. Michael Cashio, Kenner, for plaintiff/appellant.
Carl L. Aspelund, Michael E. Wanek, Christina P. Fay, Hulse, Nelson & Wanek, New Orleans, Kevin L. Cole, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendants/appellees.
Before CHEHARDY, BOWES and DUFRESNE, JJ.
BOWES, Judge.
Plaintiff appeals from a directed verdict by the trial judge, granted in favor of the defendants at the close of the plaintiff's case. This was a civil jury case. Miguez avers that the trial judge granted the motion based on an erroneous interpretation of "duty-risk" and the law of strict liability under Civil Code Articles 2317 and 2322.
The basis of the lawsuit was an injury sustained by Dudley Miguez, the then 12 year old son of Mr. and Mrs. Thomas Miguez. Dudley and another adolescent boy, Michael Pettit, also about twelve, became engaged in fisticuffs at the shopping center of defendant, Urban Development, in the Chateau Village Shopping Mall. The fight began when Michael accused Dudley of appropriating his quarter at a video game arcade, located in the mall. Michael then threatened to "beat up" Dudley, and the boys began to push one another around. As the fracas intensified, one of the gathering mob of other boys urged the antagonists outside. The fight was then removed to the mall walkway out-of-doors, and in front of the gift shop of defendant Sea & Sar's (a tenant of Urban and an occupant of Chateau Village). The brawl then began in earnest. The boys took off their shoes and began to throw punches. After several minutes (testimony of various witnesses estimated the match lasted from between 5 and 25 minutes), the affray abruptly ended when Michael threw Dudley through a display window of Sea & Sar, shattering the glass. Dudley's most serious injury, to his foot, was sustained as he tried to extricate himself from the bed of broken glass.
The suit for damages was filed against the defendants alleging the following bases for liability: Failure of defendants, Urban and Sea & Sar's, to employ properly trained and sufficiently staffed security guards in the area; failure of defendants, Urban and Sea & Sar's, to have installed required safety glass in the outside window of Sea & Sar's; the negligence of defendant, Michael Pettit, in forcing or pushing Dudley Miguez through the plate glass window, *616 and failure of Sea & Sar's and Urban to warn Dudley Miguez of the presence of dangerous glass in an area bearing a large amount of pedestrian traffic.
Plaintiffs settled with the Pettit family prior to trial. At the trial on the merits, plaintiffs presented witnesses as to the facts of the fight itself, medical evidence, and also evidence concerning glass installations in commercial buildings.
When the plaintiffs concluded presentation of his evidence, defense counsel for all defendants moved for a directed verdict in their favor, averring in pertinent part that plaintiff did not prove that the glass window in question was defective (that it was never established whether the glass was or was not "safety plate"); that it was never established whether or not a security guard was on duty at the time of the accident and whether or not such a guard would be clothed with the duties and responsibilities to stop the actions in question; that the "accident" was the fault of a third party, thereby relieving defendants of strict liability; that no negligence was established (on the part of the lessee); and that there was no proof that the alleged absence of safety glass was a proximate cause of the accident, and/or whether the window presented an unreasonable risk of harm.
The trial judge granted the directed verdict, stating that to hold any of the remaining defendants liable under the circumstances of this case would be to extend the duty-risk analysis too far. The astute trial judge correctly observed "this case was caused because two young men decided to have a fight. That was the legal cause of the accident." Both theories of negligence and strict liability were addressed and dismissed by the trial court.
It is now established in our jurisprudence that victim fault and third party fault are defenses to strict liability. See our opinion in Ruffo v. Schwegmann Bros. Giant Supermarkets, Inc. 424 So.2d 470 (La.App. 5th Cir.1982), and the authorities cited therein.
Two twelve year old boys, of normal intelligence (there was no allegation or proof otherwise), who willingly engage in a fist fight of some duration, are held to the knowledge that injury will result. The infliction of injury by one to the other party is, indeed, their intention. While the testimony strongly suggested that Michael started the fight, there is every indication that Dudley participated wholeheartedly. The two boys took off their shoes and squared-off. Dudley testified that he took off his thongs because, in the fight, he would have tripped on them; he elected to fight, he said, to avoid being "picked on" by Michael in the future. As the fight continued, Dudley became aware of the window in back of him, as the brawl brought the two closer to the defendant's store. He knew if he hit the window that he would be cut. Yet the battle waged on.
While this court is not prepared to pass on the adolescent wisdom of their actions, we must find that the willful participation by both parties, resulting in Dudley's unfortunate accident, constitutes both victim fault and third party fault sufficient to absolve the defendants from strict liability under Civil Code Articles 2322 and 2317.
The trial judge properly found that the legal cause or cause in fact of the injury to the plaintiff was a result of the fight in which he willingly participated.
In determining cause-in-fact, it must be decided whether the acts complained of were a substantial factor without which the accident would not have occurred. Head v. St. Paul Fire and Marine Ins. Co., 408 So.2d 1174 (La.App. 3rd Cir.1982). The trial court's finding was obviously correct, and the only duty breached was the mutual obligation of Michael and Dudley to refrain from deliberately injuring one another.
Applying the facts and law to the present case, the trial judge properly granted the directed verdict in favor of defendants, Urban Developments and Sea & Sar's. When facts and inferences are so overwhelmingly in favor of the moving party that the court *617 believes that reasonable men could not arrive at a contrary verdict, the litigation may be properly concluded by a directed verdict. Oppenheim v. Murray Henderson Undertaking, 414 So.2d 868 (La.App. 4th Cir.1982). Quoting Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979), the Fourth Circuit went on to say:
The court, in Campbell, further states that the standard of proof is to be based on the Federal standard and cites the language in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969) in enunciating the state standard to be used:
"On motion for directed verdict and for judgment notwithstanding the verdict that Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions (sic) is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
Plaintiff did not prove that statutory requirements mandating the installation of safety glass in certain areas of buildings was violated because it was never established what type of glass was installed in the display window at the time of the accident. Thus it cannot be concluded that the building was defectively constructed, designed, or improperly repaired, and liability under Article 2322 is inapplicable. Fonseca v. Marlin Marine Corp., 410 So.2d 674 (La.1981). Plaintiff's failure to prove the glass defective also precludes recovery from the lessee under Article 2317, as well as under any theory that defendants were negligent in failing to warn plaintiff about the window.
We find plaintiff's claim that defendants were negligent for failing to supply security guards to be without merit. Owners of businesses who permit the public to enter their establishments do have a duty to exercise reasonable care to protect those who enter. This duty extends to keeping the premises safe from unreasonable risks of harm or warning persons of known dangers. Rodriguez v. New Orleans Public Service, Inc., 400 So.2d 884 (La.1981). Only when the owner or management of a business has knowledge, or can be imputed to have knowledge, of a third person's intended criminal conduct which is about to occur and which is within the power of the owner or management to protect against, does a duty of care toward a patron arise. Davenport v. Nixon, 434 So.2d 1203 (La.App. 1st Cir.1983). The landowner or occupier of land does not insure against the possibility of an accident on the premises, but must act as a reasonable man in view of the probability of injury to others. Barcia v. Estate of Keil, 413 So.2d 241 (La. 4th Cir.1982).
There was no evidence that the property in question was dangerous to the customers, who patronized the businesses in the regular and usual manner for shopping purposes. The two boys in this case certainly were not engaged in the regular course of the businesses conducted in the mall. It would indeed extend the duty-risk analysis of our law too far to require a normally safe place of business to employ security guards to protect against the possibility of two of its patrons coming to blows with one another. There was no evidence that the owner or lessee knew that the fight was in progress until Dudley crashed through the window. Therefore, the presence or absence of security personnel on the premises at the time of the incident is not an indicia of negligence.
Finally, it is noted that various third party demands were filed which are moot in light of this decision. We remand the case to the district court, however, for the purpose of trying the reconventional demand *618 of Sea & Sar's Chateau of Cards and Gifts against defendants, Francis Schindler and Michael Pettit, for property damage to its display window.
For the foregoing reasons, we find that the learned trial judge was eminently correct in dismissing the principal case, and that portion of the judgment is affirmed. In fact, given the convincing evidence and clear-cut jurisprudence, we find this appeal bordering on being frivolous.
The case is remanded to consider the reconventional demand of Sea & Sar's Chateau of Cards and Gifts. Each party is taxed with his own costs of this appeal.
AFFIRMED IN PART AND REMANDED.