STOKER, Judge.
The issue presented by this appeal is whether there is insurance coverage for an accident occurring near a town home leased by the owner-mother to her tenant-daughter.
This suit arises out of a dog bite incident. Plaintiffs’ minor daughter was bitten by a dog owned by Tianne Siener and being walked by Ms. Siener’s brother, Michael Siener. The occurrence took place in Lafayette, Louisiana near the town home occupied by Tianne and owned by her mother, Mrs. Eileen Parent.
Plaintiffs, A1 Cain and Carmen Cain, individually and on behalf of their minor daughter, Laura Cain, filed suit against Tianne Siener, Michael Siener, Eileen Parent and her husband, and Allstate Insurance Company, their alleged homeowners’ liability insurers. Subsequently, defendant, Tianne Siener, filed a third-party petition for declaratory judgment in this proceeding seeking a declaration that she was an insured under the homeowner’s policy issued by Allstate Insurance Company to Eileen Parent and that Allstate therefore owed to Ms. Siener a duty to defend.
The trial court found that Tianne Siener and her brother Michael were insureds under the Allstate policy issued to their mother. For the reasons discussed below, we reverse the decision of the trial court. (The record in this case reveals no petition filed on behalf of Michael Siener for declaratory relief. Therefore, the judgment in favor of Michael Siener contains an error on its face.)
FACTS
The record reveals that Eileen Parent was the owner of the premises located at 17 Morning Glory Square, Lafayette, Louisiana. Mrs. Parent moved out of the home in Lafayette upon her remarriage arid made her home at 724 Stoney Creek Avenue, Baton Rouge. Mrs. Parent’s daughter, Tianne Siener, occupied the town home located in Lafayette under some kind of rental arrangement with her mother. There was no written lease or formal agreement. Michael Siener, Tianne’s brother, was a visitor at the 17 Morning Glory Square address on or about August 19, 1987, when he agreed to walk the *499 American Staffordshire Terrier dog owned by Tianne. While on the walk the dog bit the plaintiff-child causing the injuries complained of in the petition for damages.
Eileen Parent had obtained a policy of homeowner’s insurance from Allstate Insurance Company. Allstate contends that under this policy of insurance there was no coverage for the accident because the dog was not owned by Eileen Parent, the only named insured under its policy. Further, Allstate contends that the owner of the dog, defendant, Tianne Siener, was not an insured under its policy since she was not a resident of the named insured’s household at the time of the occurrence.
Section II of the Family Liability and .Guest Medical Protection policy issued by Allstate to Eileen Parent provides in pertinent part as follows:
“Losses We Cover:
“Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.”
Paragraph 3 of the definition sections of the Allstate policy defines the insureds under the policy as follows:
“3. ‘Insured person’ — means you and, if a resident of your household:
a) any relative; and
b) any dependent person in your care.”
As stated previously, the defendant, Tianne Siener, was not named as an insured under the Allstate policy. It is undisputed that Eileen Parent was not the owner of the dog and had no control whatsoever over the dog.
OPINION
In our view the sole issue that needs to be addressed is whether Tianne Siener was a resident of the same household as Mrs. Eileen Parent at the time of the dog bite incident. If Tianne was a member of the household of Mrs. Parent, the policy provides liability coverage because she is the daughter of Mrs. Parent. If Tianne is determined not to be a member of Mrs. Parent’s household, the Allstate policy issued to Eileen Parent provides no coverage for Tianne’s delictual acts.
Considering a similar issue in Brown v. Trahan, 526 So.2d 1216 (La.App. 3d Cir.1988), we stated that the issue presented a mixed question of fact and law. However, we noted that the facts material to a determination of the issue were not in conflict or dispute. Consequently, the issue for review was to be resolved by applying the law to the uncontested facts. So it is here. Before us we have only a question of law.
Our review of the law requires that we reverse the holding of the trial court. Hernandez v. Comco Ins. Co., 357 So.2d 1368 (La.App. 4th Cir.), writ refused, 359 So.2d 1305 (La.1978); Boettger v. Early American Ins. Co., 469 So.2d 495 (La.App. 3d Cir.1985) and Brown v. Trahan, supra. See also McKenzie & Johnson, Louisiana Civil Law Treatise, Vol. 5, Insurance Law and Practice § 44.
In Hernandez the court stated:
“The pattern which emerges from the myriad of decisions considering the term ‘household’ seems to be an emphasis on dwelling as a family under one head. Here there existed two distinct families, dwelling apart. The testimony in the record discloses that all parties involved considered themselves as two independent family units.” Hernandez, p. 1371
In Brown v. Trahan, 526 So.2d 1216 (La.App. 3d Cir.1988), this court summarized the well-settled law in this area.
“The courts of this state are in general agreement that the phrase ‘resident of the same household’, as used in insurance policies, has no precise meaning. In the recent case of Jenks v. State, 507 So.2d 877 (La.App. 4th Cir.1987), writ denied, the court, in considering the meaning of the phrase in the context of a child in foster care, summarized the principles applicable in construing such phrase stating:
“ ‘Whether the child was a resident of the Darden household is the crucial ques *500 tion. Resident has been found to have many definitions and meanings. Its construction depends on the context and the subject matter and “its meaning is to be determined from the facts and circumstances taken together in each particular case.” Bearden v. Rucker, 437 So.2d 1116, 1120 (La.1983), quoting Mathis v. Employers’ Fire Insurance Company, 399 So.2d 273 (Ala.1981).
“In Black’s Law Dictionary (5th Ed. 1979) resident is defined as ‘a dweller, habitant or occupant; one who resides or dwells in a place for a period of more, or less, duration; it signifies one having a residence, or one who resides or abides.’ Household is defined as ‘[a] family living together.... Those who dwell under the same roof and compose a family.’
“Household embraces a collection of persons as a single group with one head living together under one roof. It is ‘a “collective body of persons living together within one curtilage, subsisting in common and directing their attention to a common object, the promotion of their mutual interests and social happiness.” ’ Hernandez v. Comco Insurance Company, 357 So.2d 1368, 1970-71 (La.App. 4th Cir.1978), writ denied 359 So.2d 1305 (La.1978), quoting Leteff v. Maryland Casualty Company, 91 So.2d 123 (La.App. 1st Cir.1956). See also Mims v. State Farm Insurance Company, 478 So.2d 967 (La.App. 5th Cir.1985), writ denied 482 So.2d 630 (La.1986); Kemp v. State Farm Fire and Casualty Company, 442 So.2d 642 (La.App. 1st Cir.1983), writ denied 444 So.2d 1224 (La.1984).
“In construing the phrase ‘resident of the same household’ in the context of a legally separated wife, the Supreme Court stated the determination did not depend solely on whether the couple was living under the same roof. The court emphasized membership in a group rather than attachment to a building and noted it was a matter of intention and choice rather than location. Bearden v. Rucker, supra. ’ ” Brown, at pp. 1218-1219.
The facts of the case before us fall in the pattern of facts presented in the cases discussed or cited above. Clearly, Eileen Parent and her daughter, Tianne, maintained separate households, and each represented an independent family unit. Tianne was not a member of her mother’s household and was not an insured under Allstate’s policy.
Appellee argues that the Allstate policy was ambiguous and any ambiguities must be construed against the insurer which prepared the policy and in favor of coverage. In this case we find no ambiguities in the policy.
Appellee further argues that if we reverse the trial court’s decision the Allstate policy will cover no one against any loss. We need not consider this argument. Ap-pellee is not the policyholder. If there should be any merit to this assertion, the matter is between the policyholder, appel-lee’s mother, and Allstate.
CONCLUSION
For the reasons set forth, the declaratory judgment of the trial court in favor of Tianne Siener and Michael Siener and against Allstate Insurance Company is reversed and set aside, and the declaratory judgment action brought by Tianne Siener is dismissed. All costs of this declaratory action, both in the trial court and in this court of appeal, are assessed to defendant-third-party plaintiff-appellee, Tianne Siener.
REVERSED.