663 So.2d 872 (1995)
Thelma KIRKLAND
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 95-CA-462.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 1995.
*873 Barry J. Landry, Becnel, Landry & Becnel, Reserve, for Plaintiff/Appellant, Thelma Kirkland.
Richard L. Edrington, Accardo, Edrington & Golden, LaPlace, for Defendant/Appellee, State Farm Mutual Automobile Insurance Company.
Before BOWES, WICKER, JJ., and ROBERT J. BURNS, J. Pro Tem.
BOWES, Judge.
Plaintiff/appellant, Thelma Kirkland appeals a judgment of the district court in favor of defendant/appellee, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"). We reverse.

FACTS
On May 21, 1994, Thelma Kirkland was a passenger in a 1988 Ford pick-up truck owned and driven by her husband, James Kirkland. The truck collided with a train, and Mr. Kirkland was killed, with Mrs Kirkland suffering serious injuries. State Farm, which had issued a policy of insurance to Mr. Kirkland on the truck, tendered to her the liability limits under that policy coverage. Because her damages exceeded the liability limits of that particular policy, Mrs. Kirkland sought to obtain benefits under the uninsured/underinsured motorist section of an automobile policy issued by State Farm to her on her own vehicle, a 1985 Chrysler Fifth Avenue. State Farm denied that it owed any such benefits and, consequently, Mrs. Kirkland filed the present suit.
The case was submitted on the record for trial. Certain exhibits were filed into evidence during argument of counsel, along with memorandums of law. The trial court rendered judgment in favor of defendant, State Farm, finding that coverage was excluded under La.R.S. 22:1406(D)(1)(c)(ii). The court further found the policy in question was not ambiguous and that its UM provisions did not offend public policy [as expressed in the UM statutes].
On appeal, plaintiff contends that the trial court erred in applying that portion of the statute inasmuch as it is in applicable to the facts before us.

*874 ANALYSIS

La.R.S. 22:1406[1], insofar as it involves the question of stacking uninsured motorist coverage, is in applicable to the present case. The only UM policy before the court is that of Mrs. Kirkland; the only other benefits which she collected were under the liability coverage of her husband's policy.
Rather, as appellant avers, the portion of La.R.S. 22:1406 which is applicable to this matter is La.R.S. 22:1406(D)(1)(e), which reads as follows:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
Appellant contends that this portion of the statute does not preclude her from recovery because she was injured in an automobile which she did not own. It was pled in the petition that Mr. and Mrs. Kirkland had entered into a pre-nuptial agreement, and were separate in property. The truck was the separate property of Mr. Kirkland, while the Chrysler was the separate property of Mrs. Kirkland. At oral argument in the trial court, plaintiff's counsel restated these facts, as well as the fact that both vehicles were separately insured in the individual names of their respective owners. Each paid their own premiums for the different coverages. Mrs. Kirkland had limits of $25,000.00-$50,000.00, while Mr. Kirkland had minimum legal coverage. State Farm has never disputed these facts.
In its answer to the petition, State Farm admitted that the Kirklands had a pre-nuptial agreement and, in its pre-trial memorandum filed into the record, it further conceded that the truck was the separate property of Mr. Kirkland, and that Mrs. Kirkland was the owner of the Chrysler as her separate property. The separate nature of both vehicles are not disputed on this appeal. For our purposes we deem as fact that the truck was the separate property of Mr. Kirkland, and separately insured while the Chrysler was the separate property of Mrs. Kirkland and also separately insured.
Defendant filed Mr. Kirkland's insurance policy into the record. This policy lists the only insured vehicle as being the Ford truck. The question before us, then, is:
... whether as a legal matter, plaintiff is precluded from UM coverage under the statute because (as State Farm avers) she is an owner of the vehicle in which she was injured?
Under La.C.C. art. 2341, the separate property of a spouse is his or hers exclusively. Therefore, since State Farm has conceded *875 the separate nature of the truck, Mrs. Kirkland cannot be deemed an owner or co-owner of this vehicle. State Farm cites as controlling Sandoz v. State Farm Mutual Automobile Insurance Company, 620 So.2d 441 (La.App. 3 Cir.1993); and Fontenot v. Farm Bureau Insurance Companies, 629 So.2d 495 (La.App. 3 Cir.1993). However, we observe that in both those cases, the vehicles involved in the accident were community owned automobiles, although the UM claims at issue were made under different policies, insuring other vehicles belonging either to the community (Sandoz) to the other spouse (Fontenot). Moreover, for reasons not apparent from the opinion, in Sandoz, supra, the parties stipulated that the auto involved in the accident was furnished for their use.
The key issue in the present case is the status of the automobile in which the plaintiff was injuredhere, she was injured while occupying a vehicle not owned by her. The restrictions of La.R.S. 22:1406(D)(1)(e) do not operate to bar Mrs. Kirkland from recovery.
Learned and resourceful counsel for State Farm has combined State Farm's position that La.R.S. 22:1406(D)(1)(e) is applicable with an assertion that a clause in its policy excludes Mrs. Kirkland from UM coverage. The clause reads as follows:
Uninsured Motorist CoverageCoverage U
* * * * * *
Uninsured Motor Vehicle under coverage U does not include a land motor-vehicle:
1. insured under the liability coverage of this policy;
2. furnished for the regular use of you, your spouse or any relative.

[Emphasis supplied].
We find that this clause does not preclude recovery of UM benefits by Mrs. Kirkland. A vehicle "furnished for ... regular use" is not, by definition, the same thing, as a vehicle "owned" by the spouse.
The word "furnish," in Black's Law Dictionary, means "to supply, provide, or equip, for accomplishment of a particular purpose."
Thus, parents may "provide" an auto for their child, or a business may "provide" a vehicle for its employee. Likewise, in Black's dictionary, to "own" means "to have a good legal title; to hold as property; to have a legal or rightful title to; to have; to possess."
Therefore, we conclude that Mr. Kirkland "owned" his truck and Mrs. Kirkland "owned" her auto. Accordingly, we must disagree with astute counsel's interpretation of the policy in favor of State Farm.
There is no evidence in the record, nor may we assume, that either spouse "furnished " the other with their respective vehicles. Neither do we find any sound basis to conclude that an owner has his own vehicle "furnished" to him within the meaning of the policy. Therefore, we find it clear that the above quoted portion of the policy does not bar recovery by Mrs. Kirkland under the UM provisions as Mr. Kirkland's truck was not "furnished" for his use, but was in fact his separate personal property "owned" by him alone.
Accordingly, we hold that the trial court was in error, as a matter of law, in finding that La.R.S. 22:1406(D)(1)(c)(ii) specifically excludes coverage to plaintiff under the UM portion of her policy. Neither do we find plaintiff excluded from coverage under this policy by La.R.S. 22:1406(D)(1)(e), nor by any of the terms of the policy itself.

DECREE
For the foregoing reasons, the judgment is reversed, and judgment now is rendered in favor of plaintiff, Thelma Kirkland, and against State Farm decreeing that plaintiff is not precluded from obtaining UM benefits under her policy with State Farm on the Chrysler. Because of our conclusions above, the matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] La.R.S. 22:1406(D)(1)(c)(ii) reads as follows:

(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
(d) Unless the named insured has rejected uninsured motorist coverage, the insurer issuing an automobile liability policy that does not afford collision coverage for a vehicle insured thereunder shall, at the written request of a named insured, provide coverage in the amount of the actual cash value of such motor vehicle described in the policy or ten thousand dollars, whichever is less, for the protection of persons insured thereunder who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of property damage to the motor vehicle described in the policy arising out of the operation, maintenance, or use of the uninsured motor vehicle. The coverage provided under this Subsection shall be subject to a deductible in an amount of two hundred fifty dollars for any one accident. The coverage provided under this Subsection shall not provide protection for any of the following: