Sanford WILLIAMS, Administrator of
the Estate of Paul Williams,
Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Appellee.

No. 2006–SC–000856–DG.

Supreme Court of Kentucky.

June 19, 2008.

As Corrected June 24, 2008.

William D. Nefzger, Bahe, Cook, Cant-
ley & Jones, PLC, Louisville, KY, for ap-
pellant.

E. Douglas Stephan, Sturgill, Turner,
Barker & Moloney, PLLC, Lexington, KY,
for appellee.

Opinion of the Court by Justice
SCHRODER.

This case involves a single-vehicle crash
and the death of both occupants, brothers.
The issue on appeal involves whether or
not the parents' underinsured motor vehi-
cle insurance (UIM) policy provided cover-
age to the passenger, or whether coverage
was excluded because the vehicle was "fur-
nished" to and operated by a family mem-
ber who resided in the house, for his regu-
lar use. We opine that under the terms of
this policy, there was coverage to the pas-
senger because the vehicle was "owned" by
the driver (brother) and not "furnished" to
the driver by the parents (policy holders).

Sanford Williams was the father of Paul
and Aaron Williams. Sanford and his wife
owned a 1986 Dodge Caravan, insured
through State Farm Mutual Automobile
Insurance Company (State Farm), and
other vehicles not in question. In 2002,
Sanford Williams' son, Aaron, purchased a
1987 Toyota pickup truck with his own
money. Aaron was a minor at the time
and the dealer listed Sanford "or" Aaron
as the owner of the vehicle. State Farm
does not contest Aaron's ownership of the
pickup. Aaron purchased a State Farm
automobile policy in his own name and he
was the only named insured. Except for
an occasional use by Sanford, Aaron was
the only driver of the pickup. Aaron's
brother, Paul, was a full-time student at
the University of Kentucky and lived on
campus. He did not have a vehicle on
campus and when home, he had access to
other family vehicles, primarily a 1989 Nis-
san Sentra, which was also insured
through State Farm.

On Christmas Eve 2004, Aaron was driving his pickup with his brother, Paul, as a passenger. A tragic accident occurred, which killed both brothers. Paul's estate filed a claim with State Farm on Aaron's policy. State Farm paid the policy limits and that case is not before us. Paul's estate also filed a claim against State Farm on his parents' policy on the Dodge Caravan, which policy included Paul as a driver and carried underinsurance coverage.

State Farm denied this claim based on an exclusion in the Dodge Caravan policy which provided that underinsured coverage does not apply to a vehicle where the injury occurred in a vehicle (the pickup), "[f]urnished for the regular use of you, your spouse or any relative." "Relative" is defined in the policy as being a person related to the policy holder(s) who primarily resides with them, including unemancipated children. Aaron was an unemancipated child who lived with his parents, the policy holders. Aaron was unquestionably a "relative" of the policy holders (the parents).

The issue with State Farm was whether the pickup was "furnished" to Aaron for his regular use. State Farm contended the pickup was excluded because it was owned by a relative (Aaron) that lived in the same house as the policy holders of the Caravan (the parents). The circuit court agreed and pointed to the exclusion in the Caravan policy of underinsured vehicles furnished for the regular use of a relative, and concluded that a vehicle owned by Aaron was furnished for his use.

The Court of Appeals affirmed the result in a 2–1 opinion. The majority considered the estate's argument that the pickup was not "furnished" by the parents to their son, because the son actually owned the pickup. The majority rejected this argument, concluding that an ambiguity was not created in the policy by the omission of the phrase "owned by" from the Caravan policy's definition of excluded vehicles for purposes of underinsurance coverage. The majority opined:

> The policy states that the vehicle is not an underinsured vehicle if 'furnished for the regular use of you or any family member.' The common and ordinary understanding is that a vehicle owned is one furnished for the owner's use. Whether Aaron owned the pickup exclusively or jointly with his father, it was for Aaron's use, therefore excluded under the underinsured provision in the State Farm policy.

The dissent agreed with the estate that, because the pickup was "owned" by the driver (Aaron), it was not "furnished" to the driver by the policy holders (the parents).

We granted discretionary review to decide whether, under the Caravan policy's definition of excluded vehicles for purposes of underinsurance coverage, a vehicle "furnished" to a relative includes a vehicle "owned" by the relative not the policy holder. In our opinion, a vehicle owned by a relative (Aaron) is not "furnished" to the relative (Aaron) by the Caravan policy holders (the parents). This case is similar to, but distinguishable from, *Murphy v. Kentucky Farm Bureau Mut. Ins. Co.*, 116 S.W.3d 500 (Ky.App.2003), cited by the appellee herein as controlling precedent. In *Murphy*, two brothers were riding in a car owned by the mother when it was involved in a single-car accident killing the passenger. The mother insured the vehicle with Kentucky Farm Bureau Mutual Insurance Company (Farm Bureau). The estate of the passenger filed a claim against Farm Bureau for the driver's negligence. Farm Bureau paid the policy limits and there was no issue as to liability on the mother's policy.

*Murphy* also involved another policy on another vehicle, which included underinsurance motor vehicle (UIM) coverage. The brothers' step-father, with whom they lived, together with their mother, owned a separate vehicle and also had a separate insurance policy with Farm Bureau. As mentioned earlier, this separate policy contained UIM coverage and the estate of the passenger filed a claim with Farm Bureau. The Farm Bureau policy was similar to the State Farm policy in the present case with one exception, it excluded coverage to relatives or "family members" (by blood, marriage or adoption) living in the same household (which they did), if the "underinsured motor vehicle" was "owned by or furnished or available for the regular use of you or any 'family member.'" *Id.* at 501. The issue in *Murphy* was whether this regular-use exclusion was against public policy. The court held it was not.

In the case sub judice, we are again dealing with a regular-use exclusion coverage issue, but with different language defining vehicles subject to the "relatives" or "family members" regular use. The Farm Bureau policy in *Murphy* excluded vehicles "[o]wned by or furnished or available" for the regular use of family members. The State Farm policy excludes only vehicles "furnished" to a relative for the regular use of a relative.

State Farm does not see a difference in the language of the *Murphy* policy and the language of it's policy herein, relying on the Court of Appeal's language that, "[t]he common and ordinary understanding is that a vehicle owned is one furnished for the owner's use." In *Kentucky Ass'n of Counties All Lines Fund Trust v. McClendon,* 157 S.W.3d 626, 630 (Ky.2005), this Court recognized that terms in insurance contracts have no technical meaning in law and must be given their plain meaning, according to the usage of the average man.

This Court has not previously analyzed the difference in the meaning of "owned" and "furnished" in the two policies. However, the Louisiana Court of Appeals, Second Circuit, has considered the meanings in two similar policies in *Hortman v. State Farm Mut. Ins. Co.,* 823 So.2d 1048, 1052 (La.Ct.App.2002) and concluded:

> [T]hat a vehicle owned by a person cannot fairly be said to be "furnished" for that person's use. In some insurance policies, this exception is written to exclude vehicles "owned by or furnished for the regular use of" a person, but the State Farm policy at issue in this case does not exclude vehicles "owned by" a person. The term "furnished" means that some other person or entity is the owner of the vehicle and is permitting another to use the vehicle, and that is not the case here.

We agree with this rationale. A vehicle (the pickup) "owned" by the relative (Aaron/driver) in State Farm's Caravan policy is not a vehicle "furnished" by the policy holders (the parents) to the relative. Therefore, the Estate of Paul Williams is entitled to UIM coverage under the Caravan policy.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and the matter remanded to the Menifee Circuit Court for further proceedings consistent with this opinion.

All sitting. All concur.